UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO VIDAL PACHECO, )
)
Plaintiff, )
)
)
) Case No: 8:25-cv-2437-SDM-CPT
vs. )
)
)
ACHIEVA CREDIT UNION, )
)
Defendant. )
)
)
)
)

SEP 10 2025 PM2:34
FILED - USDC - FLMD - TPA

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

COMES NOW, Plaintiff Pedro Vidal Pacheco, and his Complaint against Defendant, Achieva Credit Union ("Achieva") for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this case arises under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because



Defendant conducts substantial business within this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STANDING

3. Plaintiff has a congressionally defined right to have accurate information reported to credit reporting agencies.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats. Defendant' credit reporting and/or failure to properly dispute information violated the FCRA.

5. Defendant' reporting and handling of Plaintiff's credit information violated the FCRA.

6. The Eleventh Circuit in *Pedro v. Equifax, Inc.*, 868 F.3d 1275 (11th Cir. 2017), established that the failure to correct inaccurate credit reporting gives rise to standing under the FCRA.

7. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc v. Robins*, 136 S. Ct. 1540, 1544

(2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992)

(Congress has the power to define injuries and articulate chains of

causation that will give rise to a case or controversy where none existed before.); <u>Bellwood v. Dwivedi</u>, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

8. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." <u>Lane</u>, 2016 WL 3671467 at *4.

## PARTIES

9. Plaintiff, Pedro Vidal Pacheco, is a natural person and consumer as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in Hillsborough County, Florida.

10. Defendant, Achieva Credit Union, is a credit union operating in Florida that regularly furnishes information to consumer reporting agencies and engages in business within this District.

11. Defendant Achieva is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C § 1681s-2(b).

## FACTUAL ALLEGATIONS

12. In the year 2021 the Plaintiff entered into a contractual agreement(s) with

Achieva.

13. At some point in the year 2023, the Plaintiff missed some payments on his loan agreement with Achieva.

14. In the year 2024, Achieva sued the plaintiff in county court of Hillsborough County (24-CC-30666) for the alleged remaining balance left on the account with Achieva.

15. Plaintiff after being served the lawsuit checked his Annual Credit Report with Equifax and noticed that the amount the defendant was suing him for didn't align with his own personal records.

16. On or about August 22nd, 2025, Plaintiff disputed inaccuracies and status related to his Achieva account.

17. Each inaccuracy was detailed and highlighted for the Defendant to investigate. *See Exhibit A*

18. The reporting of the debts contains an inaccurate balance.

19. The reporting of the debts contains an inaccurate status.

20. The reporting of the debts contains inaccurate delinquency information.

21. The reporting of the debts contains inaccurate dispute information

22. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

23. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

24. Equifax received the dispute sent by Plaintiff on August 22nd, 2025.

25. Equifax transmitted notice of this dispute to Achieva via an Automated Credit Dispute Verification form ("ACDV").

26. Achieva was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

27. After receiving this notice, in any subsequent voluntary reporting, Achieva must then include the dispute notation on said account.

28. On August 30th, 2025, Equifax generated dispute results under confirmation number 5234559406

29. That the credit report was verified and updated.

30. The updated August 30th, 2025 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Equifax, and transmitted to Achieva.

31. Achieva failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the information.

32. Achieva must have voluntarily updated the Plaintiff's account by communicating with Equifax.

33. Achieva furnished information to Equifax regarding Plaintiff's account without notifying them that the account had been disputed by consumer, even after receiving all relevant information from Equifax of the dispute.

34. Achieva furnished information that the dispute was resolved even though there is an open and active lawsuit in county court where Plaintiff has denied owing them.

35. This account being involved in a current litigation and not reflecting that is misleading and an actual inaccuracy.

36. Achieva has failed to update the account information and mark the account as involved in litigation on the updated credit report after Plaintiff disputed the account was Defendant was provided all information of such by Equifax.

37. All of Defendant's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

38. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices by Achieva.

39. Plaintiff suffered actual harm by being the target of inaccurate credit reporting by Achieva.

40. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by Achieva.

41. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and

security.

42. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Achieva.

43. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

## CAUSES OF ACTION

### Count I: Violation of 15 U.S.C. § 1681s-2(b) - Duties of Furnishers of Information

44. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

45. Defendant Achieva violated 15 USC § 1681s-2(b) by continuing to report the Achieva representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Achieva representation; by failing to review all relevant information regarding same; by failing to accurately respond to Achieva; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Achieva representations to the consumer reporting agencies.

46. As a result of this conduct, action, and inaction of Achieva, the Plaintiff

suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional plain, anguish, humiliation, and embarrassment of credit denials.

47. Defendant's Achieva's conduct, action, and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. IN the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 USC § 1681o.

48. Plaintiff is entitled to recover costs and fees from Achieva in an amount to be determined by the Court pursuant to 15 USC § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Pedro Vidal Pacheco prays that this Court:

A. Declare that Defendant Achieva's credit reporting actions violate the Fair Credit Reporting Act (FCRA);

B. Award Plaintiff actual damages, punitive damages, costs, and attorney's fees as provided by 15 U.S.C. § 1681n of the FCRA;

C. Or, in the alternative, award Plaintiff actual damages, costs, and attorney's fees as provided by 15 U.S.C. § 1681o of the FCRA;

D. Or, in the alternative, award in favor of Plaintiff Pedro Vidal Pacheco, and against Achieva, for actual damages, costs, and fees as provided by

§ 1681o of the FCRA; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ _____

**PEDRO VIDAL PACHECO**
10207 Lockwood Pines Ln
Tampa, FL 33635
Pvpacheco94@gmail.com
(813) 573-0958
