UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO VIDAL PACHECO,

Plaintiff,

v. Case No: 8:25-cv-02437-JLB-CPT

ACHIEVA CREDIT UNION,

Defendant.
_______________________________________/

# ORDER

Before the Court is Defendant Achieva Credit Union's ("Achieva's") Motion for Judgment on the Pleadings. (Doc. 20). Plaintiff Pedro Vidal Pacheco's ("Mr. Pacheco's") Complaint, filed *pro se*, brings a claim against Achieva for violation of its duty to furnish information under 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act. (Doc. 1). Achieva seeks a judgment on the pleadings, arguing that Mr. Pacheco's claim is barred by res judicata. After careful review, the Court **DENIES** Achieva's Motion for Judgment on the Pleadings.

## BACKGROUND

In 2021, Mr. Pacheco entered into two consumer lending agreements with Achieva for a personal loan and the purchase of an automobile. (Doc. 1 at ¶ 12; Doc. 20 at 1; Doc. 20-1 at 7–12, 16–21).[1] After Mr. Pacheco missed payments on the

---

[1] In ruling on a motion for judgment on the pleadings, the court may consider documents attached to the motion if such documents are central to one or more of the claims and their authenticity is undisputed. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

loans, Achieva filed a complaint in state court on May 30, 2024, alleging two counts of breach of contract for Mr. Pacheco's default on the loan payments. (Doc. 1 at ¶¶ 13–14; Doc. 20 at 2; Doc. 20-1 at 2–6). Achieva alleged that one of the breached contracts resulted in $8,616.89 in debt to Achieva, and the other resulted in $26,350.02 in debt to Achieva, for a total of $34,966.91 sought in recovery. (Doc. 20-1 at 3–4).

On August 22, 2025, Achieva moved for summary judgment in the state court action. (*Id.* at 26–27). Mr. Pacheco responded in opposition, arguing that the amount Achieva sought to recover in money damages was inaccurate for both loans.[2] On October 20, 2025, the state court considered the arguments from both parties and ultimately found that Mr. Pacheco's response did not "contain sufficient evidence to contravene [Achieva]'s summary judgment evidence . . . ." (Doc. 20-1 at 28–29). Accordingly, the state court entered judgment in favor of Achieva and against Mr. Pacheco for $34,966.91 for breach of the loan contracts and $1,272.85 for the filing fee, service of process, and reasonable attorneys' fee, for an award of $36,240.76. (*Id.*).

Also on August 22, 2025, Mr. Pacheco sent a dispute letter to Equifax

---

[2] *See Achieva Credit Union v. Pedro Vidal Pacheco*, (Fla. 13th Cir. Ct. Sep. 9, 2025) (Doc. 32 at 3). The Court takes judicial notice of Mr. Pacheco's response in opposition to Achieva's motion for summary judgment in the state court action. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citation and internal quotation marks omitted); *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014) (finding that "documents that were filed in the prior state court proceedings out of which the [plaintiffs'] instant claims arose . . . are public records not capable of reasonable dispute, and appropriate for judicial notice").

Information Services, LLC, disputing that the information on his loans from Achieva was incomplete, inaccurate, or inconsistent, and requested that Equifax and the furnisher (Achieva) investigate the dispute. (Doc. 1-2 at 1; Doc. 1 at ¶ 24). Mr. Pacheco alleges that Equifax notified Achieva about the dispute. (Doc. 1 at ¶ 25).

On September 10, 2025, while the state court action was pending but before it entered final judgment, Mr. Pacheco filed his Complaint in this Court. (Doc. 1). The Complaint brings a claim against Achieva for violation of its duty to furnish information under 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act. (Doc. 1). Specifically, the Complaint alleges that Achieva: failed to investigate or otherwise verify the dispute before voluntarily re-reporting the information, failed to notify Equifax that Mr. Pacheco disputed the account, and inaccurately reported the amount of debt he owed on the loans from Achieva. (Doc. 1 at ¶¶ 15–21, 31, 33, 45).

After the state court entered final judgment, Achieva moved for judgment on the pleadings in this action, arguing that the claim is barred by res judicata. (Doc. 20). Mr. Pacheco did not file a response. On June 12, 2026, the Court directed Mr. Pacheco to show cause as to why Achieva's Motion should not be treated as unopposed by June 26, 2026. (Doc. 23). Rather than respond to Achieva's Motion, Mr. Pacheco moved to amend his complaint, which the Court denied. (Doc. 25; Doc. 27). On July 13, 2026, the Court directed Mr. Pacheco to respond to the Motion by July 24, 2026, and warned him that failure to do so would result in the Court treating it as unopposed. (Doc. 28). Mr. Pacheco did not respond. Thus, Achieva's

Motion is subject to treatment as unopposed. M.D. Fla. Loc. R. 3.01(d).

## LEGAL STANDARD

"Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). Courts must always address threshold jurisdictional issues first, because a court cannot reach questions that it never had jurisdiction to entertain. *Boone v. Sec'y, Dep't Of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004). "Federal courts are courts of limited jurisdiction," and subject matter jurisdiction must be established before a case can proceed on the merits. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim[.]" *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A court may grant a judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999)). "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hawthorne v. Mac*

*Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (quoting *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996)).

"The standard of review for a motion for judgment on the pleadings is identical to that used to decide motions to dismiss under Rule 12(b)(6) . . . ." *White v. State Nat'l Ins. Co.*, No. 8:12-CV-2828-T-26TGW, 2013 WL 12156318, at *1 (M.D. Fla. Apr. 12, 2013) (citing *Mergens*, 166 F.3d at 1117). Thus, "in ruling on the motion, '[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party.'" *Id.* (alteration in original) (quoting *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005)).

Additionally, where a motion for judgment on the pleadings is unopposed, the Court must still consider the merits of the motion. *Auto Club Ins. Ass'n v. Jackson*, No. 3:20-CV-955-BJD-JRK, 2021 WL 2551529, at *1 n.1 (M.D. Fla. June 22, 2021); *see United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion" and consider "all of the evidentiary materials submitted in support of the motion . . . .") (citation omitted)..

**DISCUSSION**

Before addressing Achieva's motion on the merits, the Court first addresses whether it has subject matter jurisdiction over this matter under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine applies to cases involving "state-court losers

complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The . . . doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Thus, "[t]he doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).

Here, the state court granted summary judgment in favor of Achieva for the total amount of money owed by Mr. Pacheco on the defaulted loans. (Doc. 20-1 at 28–29). The state court entered this judgment after considering Achieva's motion and Mr. Pacheco's response in opposition, which disputed that the amount Achieva alleged was owed was inaccurate. (*Id.*). Now, Mr. Pacheco's complaint alleges, in part, that Achieva violated the Fair Credit Reporting Act by failing to accurately report his debt owed to it and failing to conduct an investigation. (Doc. 1 at ¶¶ 15–21, 38–40, 45).

These allegations are inextricably intertwined with the state court action.

Granting relief now would require this Court to nullify the state-court finding that Achieva is owed that amount on the loans. *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) ("[A] plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that had the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, . . . as the plaintiff would be unable to demonstrate any injury from the allegedly deficient investigation."); *Solis v. Client Servs., Inc.*, No. 11-23798-CIV, 2013 WL 28377, at *4 (S.D. Fla. Jan. 2, 2013) (finding that the plaintiff's claim violated *Rooker-Feldman* "[b]ecause success on this claim would require nullifying the state court judgment and this claim could succeed only if the Court held that the state court wrongly validated the amount owed to Defendants").

Accordingly, the Court does not have subject matter jurisdiction over Mr. Pacheco's Complaint to the extent that it alleges Achieva failed to investigate or inaccurately reported his indebtedness.

The Court does, however, have jurisdiction over Mr. Pacheco's allegations that Achieva failed to note the dispute to Equifax. (Doc. 1 at ¶¶ 33, 45). Achieva's Motion for Judgment on the Pleadings does not address these allegations. (Doc. 20). Instead, Achieva argues that the entirety of Mr. Pacheco's Complaint is barred by res judicata.

To be sure, a claim is barred by a prior decision that "(1) was rendered by a

court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020). Only the fourth element is at issue here. "A cause of action is the same for res judicata purposes if it arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (citation and internal quotation marks omitted). And "claim preclusion 'applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact.'" *Id.* (quoting *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990)). This includes claims "which could have been raised in the prior action." *N.A.A.C.P.*, 891 F.2d at 1561. Thus, "[t]he test for a common nucleus of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Lobo*, 704 F.3d at 893.

Whether Achieva notified credit reporting agencies that the account was in dispute does not arise out of the same nucleus of operative fact as the state court action. The state court action—brought by Achieva—addressed whether and how much money Mr. Pacheco owed to Achieva; it did not address whether Achieva properly notified Equifax that the account was in dispute. Thus, the allegations brought by Mr. Pacheco could not have been effectively litigated in state court.

Indeed, "[c]onsumers may either dispute the information (1) directly with the furnisher or (2) indirectly with the credit reporting agency." *Holden*, 98 F.4th at

1366; *see* 15 U.S.C. § 1681s-2(a)(8). Upon receipt of the dispute by a credit reporting agency, "the furnisher must provide notice of the dispute to all [credit reporting agencies] to whom it originally submitted the information"—including "the [credit reporting agency] which initially notified the furnisher of the dispute." *Harb v. Westlake Servs. LLC*, 748 F. Supp. 3d 1170, 1187 (M.D. Fla. 2024).

Mr. Pacheco alleges that Achieva did not notify Equifax that the account was in dispute.[3] (Doc. 1 at ¶¶ 33, 45). "Courts have found that juries could reasonably conclude that a furnisher's decision to report a debt without mentioning a dispute can be misleading." *Harb*, 748 F. Supp. 3d at 1187 (collecting cases). Thus, judgment on the pleadings as to whether Achieva properly notified Equifax that the account was in dispute is inappropriate.

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction to the extent that it alleges Achieva failed to investigate his dispute and failed to report his indebtedness to it accurately.
2. Defendant's Motion for Judgment on the Pleadings is **DENIED**.
3. Plaintiff is **DIRECTED** to file an amended complaint within fourteen (14) days of the date of this Order that does not include the dismissed allegations. No new claims may be added in the amended complaint. Failure to timely

[3] The Court notes that the Complaint also alleges that "Achieva furnished information that the dispute was resolved even though there is an open . . . lawsuit in county court." (Doc. 1 at ¶ 34).

file an amended complaint will result in dismissal of this case without further notice.

**ORDERED** in Tampa, Florida, on August 7, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE